IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 6, 2001

## STATE OF TENNESSEE v. RICHARD E. McCULLOUGH

**Direct Appeal from the Criminal Court for Bedford County**
**No. 14622     F. Lee Russell, Judge**

_____

**No. M2000-01154-CCA-R3-CD - Filed March 2, 2001**

_____

Defendant pled guilty to one count of violating the Habitual Motor Vehicle Offender Act and one count of driving under the influence, eighth offense, both Class E felonies.  He was sentenced to consecutive terms of one year and six months for each offense.  In this appeal, defendant challenges the trial court's denial of alternative sentencing.  Upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY SMITH, JJ., joined.

Donna Leigh Hargrove, District Public Defender; and Andrew Jackson Dearing, III, Assistant District Public Defender, Shelbyville, Tennessee, for the appellant, Richard E. McCullough.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant pled guilty to violating the Habitual Motor Vehicle Offender Act and driving under the influence, eighth offense, and received an effective sentence of three years.  In this appeal, defendant challenges the trial court's denial of alternative sentencing.  We affirm the judgment of the trial court.

# I. BACKGROUND

On October 17, 1999, defendant was stopped for a routine traffic violation and arrested for driving under the influence (DUI). Thereafter, defendant was charged with violating the Habitual Motor Vehicle Offender Act and DUI, eighth offense. Defendant pled guilty to both Class E felony offenses with the Range I sentences to be determined by the trial court.

At the sentencing hearing, the forty-two-year-old defendant testified that he had been drinking since he was twelve years old, and that he drank between eighteen and twenty-four beers a day. Defendant stated that he knows he is an alcoholic and, while incarcerated, has been attending Alcoholics Anonymous meetings and church. Additionally, defendant stated it was "lucky" that he had never hurt himself or anyone else.

The defendant also presented testimony from his girlfriend. She testified that she had known the defendant for approximately one year, and that she would attempt to aid the defendant both "spiritually and emotionally" if he were released.

The state relied upon the pre-sentence report. The report indicates the defendant has an extensive misdemeanor criminal record including seven prior DUI convictions, six convictions for public intoxication, eight convictions for driving on a revoked license, two drug convictions, three assault convictions, two convictions for theft, and six other miscellaneous misdemeanor convictions. The report also indicates that many of these offenses were committed while the defendant was on probation.

The trial court concluded the defendant had an extensive criminal history and a previous history of unwillingness to comply with conditions of a sentence involving release into the community. *See* Tenn. Code Ann. § 40-35-114(1), (8). The trial court found no mitigating factors. Thus, the trial court sentenced the defendant to one year and six months for each offense.

Additionally, the trial court found that, due to the defendant's extensive criminal history and his willingness to commit a crime where the risk to human life was high, the defendant's sentences should be served consecutively. *See* Tenn. Code Ann. § 40-35-115(b)(2), (4). The trial court further concluded that alternative sentences were "clearly" not appropriate "in view of [defendant's] extensive past record."

# II. STANDARD OF REVIEW

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

## III. ANALYSIS

The sole issue raised on appeal by defendant is the trial court's denial of alternative sentencing. Defendant argues that he qualifies for community corrections under Tenn. Code Ann. § 40-36-106 (a) and (c), and further argues he should have been sentenced to split confinement under Tenn. Code Ann. § 40-35-306.

As a standard offender convicted of a Class E felony, defendant is presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). However, we conclude the trial court properly found alternative sentencing was not appropriate in this case.

Defendant has a lengthy history of criminal behavior. *See* Tenn. Code Ann. § 40-35-103(1)(A). Defendant has over thirty prior misdemeanor convictions, including seven DUI convictions. In addition, measures less restrictive than confinement have frequently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1)(C). The pre-sentence report indicates that over ten of the prior offenses committed by the defendant were committed while the defendant was on probation for another offense. Defendant's past criminal history and testimony at the sentencing hearing indicate that defendant has previously been unsuccessful in treating his addiction to alcohol.

The trial court properly found the defendant had an extensive history of criminal behavior and has failed to benefit from alternative sentencing on many prior occasions. Thus, we are unable to find error in the denial of alternative sentencing.

## CONCLUSION

Upon our review of the record, we find that alternative sentencing was properly denied. The judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE