IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 20, 2001

## STATE OF TENNESSEE v. LLEWELYN D. LARMOND

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S42552; S42661; S43169     Phyllis H. Miller, Judge**

**No. E2000-01910-CCA-R3-CD**
**April 10, 2001**

Pursuant to a negotiated plea agreement, the defendant pled guilty to two counts of selling 0.5 grams or more of cocaine, possession of marijuana, and the sale of counterfeit cocaine. He received an effective sentence of sixteen years. The manner of service of his sentences was left to the discretion of the trial court. Defendant now contends the trial court erred in denying his request for alternative sentencing. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); Stephen M. Wallace, District Public Defender; and Leslie S. Hale, Assistant District Public Defender, Blountville, Tennessee (at hearing), for the appellant, Llewelyn D. Larmond.

Paul G. Summers, Attorney General and Reporter; Glen C. Watson, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Murray-Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Pursuant to a negotiated plea agreement, the defendant pled guilty to two counts of selling 0.5 grams or more of cocaine, possession of marijuana, and the sale of counterfeit cocaine. The defendant received an effective sentence of sixteen years, and the manner of service of his sentence was left to the discretion of the trial court. The defendant now contends the trial court erred in denying his request for alternative sentencing. We affirm the judgment of the trial court.

## BACKGROUND

Pursuant to the uncontested recitation of facts presented by the Assistant District Attorney General at the guilty plea hearing and the defendant's presentence report, we find the pertinent underlying circumstances surrounding the defendant's convictions to be as follows:

On October 27, 1998, police informant, David Greer, went to the defendant's apartment. The defendant sold Greer a rock of cocaine weighing 1.1 grams for $300. Based upon this transaction, Officer Harold Tucker obtained a search warrant for the premises. On October 28, 1998, Officer Tucker executed the warrant, at which time the defendant began to run down the hallway of the apartment complex and dropped two bags containing 13.6 grams of marijuana. The officers obtained the drugs, and the defendant was arrested.

On March 23, 1999, apparently while the defendant was on bond for the prior charges, police informant, Angela Phillips, was wired with an audio transmitter and negotiated a future sale with the defendant for one ounce of powder cocaine. Thereafter, she informed the defendant she currently wanted to purchase cocaine. The defendant then went to his car and returned with the purported cocaine. The informant paid the defendant $900 and took the purported cocaine to the officers. The purported cocaine was in rock form and weighed 13.8 grams. Field testing revealed that the substance was not cocaine.

Pursuant to their March 23rd negotiations, on April 5, 1999, Phillips was again wired with an audio transmitter and proceeded to the WalMart store parking lot in Bristol, Tennessee, where she met the defendant. The defendant got into Phillips' vehicle and gave her 14.6 grams of powder cocaine in exchange for $1,500.


## DENIAL OF ALTERNATIVE SENTENCING

The defendant contends the trial court erred in denying his request for alternative sentencing. Specifically, the defendant argues: (1) the trial court placed too much emphasis on the defendant's prior criminal history; (2) the trial court inappropriately applied enhancement factor two (the defendant was the leader of an offense involving two or more criminal actors); (3) the trial court improperly found that the October offenses were committed while the defendant was on probation; and (4) the trial court failed to consider the defendant's mitigation proof.

### A.  Standard of Review

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial

court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). One convicted of selling cocaine over 0.5 grams, a Class B felony, is not presumed to be a favorable candidate for alternative sentencing. *Id.*

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103 (1); *see also* Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

## B. Analysis

Initially, the defendant contends that the trial court placed too much emphasis on his prior criminal history. *See* Tenn. Code Ann. § 40-35-114(1). We disagree. The weight to be given to each sentencing factor is left to the discretion of the trial court. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

In addition to his current drug convictions, the presentence report reveals the defendant was convicted in North Carolina on January 4, 1999, of possession of a stolen vehicle, conspiracy to sell/deliver cocaine, and possession of cocaine. The North Carolina offenses were committed over a nine-month time span, during which time the defendant committed two of the current offenses in Tennessee. The remaining Tennessee offenses occurred within a year of the last North Carolina offense. Therefore, we conclude the trial court appropriately held that the defendant's extensive criminal record of drug-related offenses, which were amassed in a short period of time, deserved considerable weight.

Secondly, the defendant contends the trial court improperly concluded that the defendant was a leader of an offense involving two or more criminal actors. *See* Tenn. Code Ann. § 40-35-114(2). The defendant testified that he would come to Tennessee with his friend, "Mike," who was also a

drug dealer. He further testified that "Mike" would give him drugs to support his habit. However, it is unclear whether "Mike" was with the defendant during these transactions. Regardless of the applicability of this enhancement factor, we reach the same conclusion as to the propriety of the denial of alternative sentencing.

Thirdly, the defendant contends the trial court inappropriately found the defendant was on probation when he committed the October 1998 offenses. The presentence report supports his contention. However, the defendant does not dispute that the other offenses were committed while he was on probation from his North Carolina convictions. Again, the fact that the defendant was not on probation during the October 1998 offenses is not determinative as to the denial of alternative sentencing.

The trial court noted that the defendant had a prior history of unwillingness to comply with conditions of a sentence involving release into the community. *See* Tenn. Code Ann. § 40-35-114(8). Following his arrest in Tennessee for the October 1998 offenses, the defendant's North Carolina probation was revoked. In addition to the commission of further offenses, the defendant's presentence report and testimony at the sentencing hearing indicate the defendant failed to report to his probation officer in North Carolina, violated his curfew, failed to pay his fees, and failed to attend drug and alcohol counseling. Furthermore, pursuant to Tenn. Code Ann. § 40-35-103(1), less restrictive measures than confinement have recently been unsuccessfully applied to the defendant.

Finally, the defendant contends the trial court failed to consider his mitigating proof. At the sentencing hearing, the defendant testified that he had been using drugs since he was twelve or thirteen years old. He claims he completed an inpatient treatment program while in prison in North Carolina. However, on cross-examination the defendant admitted that he had used marijuana while in prison in North Carolina. He further stated that the present offenses were committed to support his cocaine addiction. The defendant also testified that if he had known how severe the penalties were in Tennessee, he would not have sold the cocaine here. The trial court found that the defendant was evasive and untruthful, and the defendant's past efforts at rehabilitation were done in an effort to lessen his North Carolina sentence. We find no error in the trial court's refusal to find any mitigating factors.

## CONCLUSION

The trial court properly considered the defendant's long history of criminal conduct. *See* Tenn. Code Ann. § 40-35-103(1)(A). The trial court properly concluded that measures less restrictive than confinement had been unsuccessful. *See* Tenn. Code Ann. § 40-35-103(1)(C). Furthermore, the trial court properly considered the defendant's lack of potential for rehabilitation. *See* Tenn. Code Ann. § 40-35-103(5). We see no reason to reverse the trial court's denial of alternative sentencing.

The judgment of the trial court is affirmed.

-4-

_____
JOE G. RILEY, JUDGE