IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2002

## STATE OF TENNESSEE v. ROMANIA ANN GADSON

**Appeal from the Circuit Court for Montgomery County
Nos. 40811, 40000089, 40000380, 49900072, 40100017, 40100053, 40100068
John H. Gasaway, III, Judge**

_____

**No. M2001-01212-CCA-R3-CD - Filed October 25, 2002**

_____

The defendant, Romania Ann Gadson, pled guilty in the Montgomery County Circuit Court to seven felonies. While she was on probation for those crimes, the defendant committed and was convicted of three additional felonies and one misdemeanor. After a sentencing hearing, the trial court revoked the defendant's probation, determined that her effective sentence for the "old" convictions was twelve years, and ordered that she serve the twelve-year sentence in incarceration. The trial court also sentenced the defendant to an effective sentence of five years in confinement for the "new" convictions and ordered that she serve the five-year sentence consecutively to the twelve-year sentence. The defendant appeals, claiming (1) that the trial court incorrectly calculated the effective sentence for her old convictions to be twelve years; (2) that the trial court erred in sentencing her to the maximum punishment in the range for one of her new convictions; and (3) that she should have received a community corrections sentence for her new convictions. As to the defendant's claim that the trial court incorrectly calculated her twelve-year sentence, we remand the judgments of conviction to the trial court. As to the defendant's new convictions, we conclude that the trial court properly sentenced the defendant and affirm those judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part;
Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Lonna K. Hildreth, Nashville, Tennessee, attorney for appellant, Romania Ann Gadson.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lance A. Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Between August 1999 and October 2000, the defendant pled guilty in four cases to seven felonies. The trial court sentenced her as a Range I, standard offender to the following:

| Case Number | Count | Offense | Offense Classification | Sentence |
|---|---|---|---|---|
| 40811 | 1 | Theft of property valued over $500 | Class E felony | 1 year to be served as 118 days in jail, the remainder on probation |
| | 2 | Aggravated burglary | Class C felony | 3 years to be served as 118 days in jail, the remainder on probation |
| | 3 | Theft of property valued over $500 | Class E felony | 1 year to be served as 118 days in jail, the remainder on probation |
| 49900072 | 3 | Aggravated burglary | Class C felony | 4 years to be served as 1 year in jail, the remainder on probation |
| | 4 | Theft of property valued over $1,000 | Class D felony | 2 years to be served as 120 days in jail, the remainder on probation |
| 40000089 | 1 | Forgery | Class E felony | 2 years to be served on probation |
| 40000380 | 1 | Possession of contraband in a penal institution | Class C felony | 3 years to be served on probation |

The sentences within case numbers 40811 and 49900072, respectively, were to be served concurrently. The effective three-year sentence for case number 40811, the effective four-year sentence for case number 49900072, and the two-year sentence for case number 40000089 were to be served consecutively. The three-year sentence for case number 40000380 was purportedly to be served concurrently to case number 49900092.[1]

_____

[1]There is no judgment of conviction or any other information regarding case number 49900092 in the record on appeal.

On April 5, 2001, the defendant pled guilty to aggravated burglary, burglary, theft of property valued over five hundred dollars, and theft of property valued less than five hundred dollars. The defendant admitted that she had violated the probation she was serving for her old convictions and waived a probation violation hearing. On May 15, 2001, the trial court held a sentencing hearing for the four new convictions.

At the hearing, Cathy Gadson, the defendant's mother, testified that the then twenty-year-old defendant had been a good child and was not violent. Then, Ms. Gadson's son was killed, and his death destroyed the family. The defendant had idolized her brother and blamed herself for his death. Although the defendant got counseling, it did not help her, and she started using drugs. According to Ms. Gadson, if the trial court granted the defendant an alternative sentence, the defendant would live with her and get help for her drug problem.

The defendant testified that she started committing crimes when she was eighteen years old because after her brother died, no one had been around to keep her in line and out of trouble. The defendant had never used a weapon or threatened anyone during her crimes, and no one was in the homes that she burglarized. The defendant had returned stolen property to one of her victims and had been accepted into an alcohol and drug rehabilitation program at Turning Point. The defendant testified that her drug addiction caused her to commit her crimes, and she acknowledged that if the trial court allowed her to get treatment for her addiction, she would stay away from a life of crime.

The defendant's presentence report reflects that the defendant is single and obtained a high school diploma while she was incarcerated in a juvenile facility. The defendant reported being in fair physical health and having skin cancer. The report shows that the defendant has a history of drug and alcohol abuse and that she started using crack cocaine when she was eighteen years old. In the report, the defendant stated that she started smoking crack cocaine "everyday, all day" and that she wanted help for her drug addiction.

The trial court sentenced the defendant as a Range I, standard offender to the following:

| Case Number | Count | Offense | Offense Classification | Sentence |
|---|---|---|---|---|
| 40100017 | 1 | Aggravated burglary | Class C felony | 3 years |
| | 2 | Theft of property valued over $500 | Class E felony | 2 years |
| 40100053 | 1 | Burglary | Class D felony | 2 years |
| 40100068 | 1 | Theft of property valued less than $500 | Class A misdemeanor | 11 months, 29 days |

The trial court ordered that the sentences in case number 40100017 be served concurrently for an effective sentence of three years. It also determined that the defendant was on bail for the aggravated burglary and felony theft offenses in case number 4010017 when she committed the burglary offense in case number 40100053. It, therefore, held that under Rule 32(c)(3)(C), Tenn. R. Crim. P., she had to serve the sentence for the latter case consecutively to those for the former. See Tenn. R. Crim. P. 32(c)(3)(C) (providing for mandatory consecutive sentencing when a defendant commits a felony while released on bail for another offense and the defendant is convicted of both offenses). Finally, it ordered that the sentence in case number 40100068 be served concurrently to the sentence in case number 40100053 for an effective sentence of five years. The trial court revoked the defendant's probation for her old convictions and ordered that she serve the five-year sentence consecutively to the effective twelve-year sentence that she had received for the old convictions. The defendant appeals, raising several sentencing issues.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on her own behalf and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

The sentence to be imposed by the trial court is presumptively the minimum in the range for a Class B, C, D, or E felony unless there are enhancement factors present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d) and (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

## I. TWELVE-YEAR SENTENCE CALCULATION

The defendant contends that the trial court erred by calculating the effective sentence for her old convictions to be twelve years. She claims that her effective sentences in case numbers 40811, 49900072, 40000089, and 40000380 were three, four, two, and three years, respectively. She asserts that although the sentences for the first three cases were to be served consecutively, the trial court ordered that she serve her three-year sentence in case number 40000380 concurrently to "the sentence that she was then serving." She contends that upon revoking her probation, the trial court should have ordered her to serve an effective sentence of nine years in confinement. The state claims that the twelve-year sentence is correct. Based upon the record before us, we cannot determine whether the trial court correctly calculated the defendant's effective sentence.

During the sentencing hearing for the defendant's new convictions, the trial court read the defendant's sentences for her old convictions and stated that the defendant was to serve her three-year sentence in case number 40000380 concurrently to her sentence in case number 49900092. The judgment for case number 40000380 also reflects that the three-year sentence for that case was to be served concurrently with her sentence in case number 49900092. However, we have no judgment or any other information about case number 49900092. Although we suspect that the trial court intended for the defendant's sentence in case number 40000380 to be served concurrently with case number 49900072, we cannot make that assumption. Therefore, we remand the case to the trial court. If the trial court determines that the defendant was to serve her sentence for case number 40000380 concurrently to case number 49900072, then upon revoking the defendant's probation, the trial court should have ordered her to serve an effective sentence of nine years in confinement for the old convictions.

We note that the state's brief claims in a footnote that under Rule 32(c), Tenn. R. Crim. P., the trial court correctly ordered the defendant to serve twelve years because the defendant committed the offense in case number 40000380 while she was on probation in case numbers 40811, 49900072, and 40000089. However, as the defendant's reply brief points out, Rule 32(c)(3)(A) provides for mandatory consecutive sentencing when a defendant commits a felony while on parole, not probation, for another felony. There is no evidence that the defendant was on parole at the time she committed the offense in case number 40000380.

We also note that the judgment for count four in case number 49900072 reflects that the defendant was convicted of theft of property over $1,000, a Class C felony. However, that offense is a Class D felony. See Tenn. Code Ann. § 39-14-405(3). Because the indictment states that the defendant was indicted for Class D felony theft and the defendant was sentenced to the minimum in the range for a Class D felony, we believe the trial court made a clerical error on the judgment. Therefore, we also remand count four in case number 49900072 for correction of the judgment to reflect the correct offense classification.

## II. SENTENCE FOR THE FELONY THEFT CONVICTION

Next, the defendant contends that the trial court erred by sentencing her to the maximum punishment in the range for her theft of property valued over five hundred dollars conviction in case number 40100017. Specifically, she contends that the applicable mitigating factors outweighed the enhancement factors. The state claims that the trial court properly sentenced the defendant. We agree with the state.

In sentencing the defendant, the trial court noted that as a Range I, standard offender, the appropriate statutory ranges of punishment were three to six years for aggravated burglary, a Class C felony; two to four years for burglary, a Class D felony; one to two years for theft of property valued more than five hundred dollars, a Class E felony; and up to eleven months, twenty-nine days for theft of property valued less than five hundred dollars, a Class A misdemeanor. The trial court determined that enhancement factor (1), that the defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range, and factor (8), that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, applied to all four convictions. See Tenn. Code Ann. § 40-35-114(1), (8). The trial court also applied enhancement factor (13), that the defendant committed a felony while on release status, to the aggravated burglary, burglary, and theft of property valued over five hundred dollars convictions. See Tenn. Code Ann. § 40-35-114(13). In mitigation, the trial court applied the following factors to all four of the convictions: (1) the defendant's criminal conduct did not cause or threaten serious bodily injury; (5) the defendant, before detection, compensated the victim of criminal conduct for the damage or injury the victim sustained; (6) the defendant, because of her youth, lacked substantial judgment in committing the offenses; and (13) the defendant, by pleading guilty, saved the state the time, effort, and expense of going to trial. See Tenn. Code Ann. § 40-35-113(1), (5), (6), (13).

The trial court weighed the enhancement and mitigating factors and sentenced the defendant to the minimum in the range for the aggravated burglary and burglary convictions, three years and two years, respectively. For the felony and misdemeanor theft of property convictions, the trial court sentenced the defendant to the maximum in the range, two years and eleven months, twenty-nine days, respectively.

Although the defendant contends that the mitigating factors outweighed the enhancement factors and that the trial court should have sentenced her to the minimum in the range for her felony

theft conviction, we believe that the trial court properly sentenced the defendant. As previously stated, the weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; Ashby, 823 S.W.2d at 169. In sentencing the defendant to the maximum punishment in the range for a Class E felony, the trial court determined that the enhancement factors outweighed the mitigating factors. The record before us, especially the defendant's extensive criminal history, supports the weight that the trial court gave to the applicable enhancement and mitigating factors and the trial court's sentencing her to the maximum punishment available for the offense.

## III. ALTERNATIVE SENTENCING

Finally, the defendant contends that the trial court erred by ordering her to serve her effective five-year sentence in confinement. She claims that she is eligible for community corrections under Tenn. Code Ann. § 40-36-106(a). In addition, she claims that her drug addiction and skin cancer constitute "special needs" pursuant to Tenn. Code Ann. § 40-36-106(c) that "make her more qualified for the Community Corrections Program." The state contends that the trial court properly denied alternative sentencing. We agree with the state.

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and -114. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann.§ 40-35-103(5); Boston, 938 S.W.2d at 438.

In denying the defendant's request for alternative sentencing, the trial court stated,

> And the Court finds that there is no reasonable expectation that Ms. Gadson can rehabilitate herself in a probated status. She has been on probation for multiple, multiple offenses. She simply cannot follow the rules and regulations, and she's demonstrated that over and over and over.
>
> A release status through community correction would not be any different than to be in a release status under a probated sentence.

She has to be confined, so she's [ordered] to serve this effective 15
year sentence at TDOC. That's all.

Based upon our de novo review, we conclude that the trial court did not err in ordering the defendant to serve her entire five-year sentence in incarceration. The defendant had seven prior felony convictions, and while she was on probation for those offenses, she committed three more felonies and one misdemeanor. Although the defendant blamed her actions on her drug problem, she continued to commit crimes without seeking treatment. According to the presentence report, the defendant "advised she has skin cancer and she takes medication for itching, but otherwise defendant reported being healthy." The defendant did not testify about her skin cancer at the sentencing hearing. We believe the record demonstrates that the defendant's previous sentences involving release into the community have been unsuccessful and that the defendant does not reflect a high potential for rehabilitation. Moreover, the defendant has not demonstrated that she has special needs that can best be treated in the community. We affirm the trial court's denial of a community corrections sentence.

Based upon the foregoing and the record as a whole, we remand the judgments of conviction in case numbers 40811, 49900072, 40000089, and 40000380 to the trial court to determine whether the defendant's effective sentence for those convictions is nine or twelve years and to correct the judgment for count four in case number 49900072. As to the defendant's remaining convictions, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE