IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 28, 2003

## STATE OF TENNESSEE v. LARRY K. BOMBAILEY

**Appeal from the Criminal Court for Sullivan County**
**Nos. S46,299; S46,750     R. Jerry Beck, Judge**

_____

**No. E2003-00421-CCA-R3-CD**
**January 28, 2004**
_____

The defendant, Larry K. Bombailey, pled guilty in the Sullivan County Criminal Court to violating a motor vehicle habitual offender order, a Class E felony; theft of property valued at $500 or less, a Class A misdemeanor; and public intoxication, a Class C misdemeanor. The defendant agreed to a sentence as a Range I offender of eleven months, twenty-nine days for the theft; thirty days for the public intoxication, to be served concurrently to the theft; and eighteen months for violating a motor vehicle habitual offender order, to be served consecutively to the theft. The parties stipulated that the trial court would determine the manner of service for the defendant's conviction for violating a motor vehicle habitual offender order. After a sentencing hearing, the trial court denied the defendant's request for an alternative sentence for the motor vehicle habitual offender violation. The defendant appeals, claiming that the trial court erred by denying him an alternative sentence. We affirm the trial court's denial of an alternative sentence but remand the case for entry of a corrected judgment for the theft conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part, Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); Stephen M. Wallace, District Public Defender, and Terry L. Jordan, Assistant Public Defender (at trial), for the appellant, Larry K. Bombailey.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's arrests for stealing a lawn mower while intoxicated on June 26, 2000, and violating a motor vehicle habitual offender order on May 8, 2002. At the defendant's guilty plea hearing, the state presented the following factual account of the crimes: On June 26, 2000, Officer Aaron Grimes of the Kingsport Police Department saw the defendant walking on a street near where a lawnmower had been reported stolen. Although the defendant matched the description of the person who had stolen the lawnmower, the defendant denied having any knowledge about the theft. An eyewitness, however, identified the defendant as one of two people he saw pushing a lawnmower down the street. When Grimes went to the defendant's house, he found the stolen lawnmower. Grimes noted that the defendant had a strong odor of alcohol, was unsteady on his feet, and had bloodshot eyes. On May 8, 2002, Officer Jason McClain of the Kingsport Police Department saw the defendant driving a Honda Accord. McClain had prior knowledge that the defendant's license had been revoked and the defendant was subsequently arrested for violating a motor vehicle habitual offender order.

At the sentencing hearing, the defendant testified that he had been hospitalized three months earlier for depression. He said he was also receiving medical treatment for emphysema and arthritis. He said that most of his past criminal behavior was alcohol-related but that he had not consumed any alcohol within two years of the hearing. He said that he attended Alcoholics Anonymous (AA) meetings as well Narcotics Anonymous meetings. He said that he was driving to an AA meeting on May 8 when he was arrested for violating a motor vehicle habitual offender order. He said he wanted to receive an alternative sentence so that he could continue his counseling and AA meetings.

Tonya Renee Smith, the defendant's daughter, testified that the defendant quit drinking two years ago. She testified that she usually drove the defendant to his doctor appointments and AA meetings but that on the day he was arrested, she had to take her son to the doctor instead. She said that the defendant drove to the doctor's office because his medication was gone and that he was driving to an AA meeting when he was arrested.

The presentence report reflects that the defendant is fifty years old and that he dropped out of school after the eighth grade. The defendant reported having poor health and suffering from emphysema, crippling arthritis, manic depression, and bipolar disorder. The defendant said that he first began drinking at age nine and that he consumed twelve beers per day until June 2001. The report reflects that the defendant has fifty-seven prior convictions, many alcohol-related. The trial court denied an alternative sentence for the defendant's violation of the motor vehicle habitual offender order, finding that the defendant's extensive criminal history warranted a denial. The trial court also found that his release would not be beneficial to the community.

The defendant contends that the circumstances surrounding his decision to drive and his remorsefulness about driving that day warrant an alternative sentence. When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a <u>de novo</u> review of the record with a presumption that the trial court's determinations are correct. T.C.A. §

40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in T.C.A. §§ 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); Boston, 938 S.W.2d at 438. In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168.

Based upon our de novo review, we conclude that the trial court was justified in ordering the defendant to serve his entire sentence in confinement for his violation of the motor vehicle habitual offender order. The defendant has an extensive criminal record and has violated probation before. He has frequently received suspended sentences for his prior convictions. Despite the defendant's contention that he has changed his attitude, the record demonstrates that the defendant's previous sentences involving release into the community had been unsuccessful and that the defendant does not reflect a high potential for rehabilitation. Ample evidence exists to support the defendant's sentence of confinement.

By footnote, the defendant states that a discrepancy exists in the record regarding the theft sentence. The state does not address this point in its brief. Initially, we note that the defendant's notice of appeal reflects an appeal for all the convictions even though the issue presented relates solely to the felony sentence. Thus, the theft case is presently before us. The transcript reflects that the agreed sentence was eleven months, twenty-nine days, to be served as forty-five days in jail and the remainder on supervised probation. The judgment form, however, does not have the period of incarceration before probation portion filled in and does not actually note a grant of probation. The

special conditions portion provides "TO SERVE 45 DAYS FLAT."  We do not believe the judgment conforms to the agreement.  Moreover, if saying that it is to be served "flat" implies that the defendant is not entitled to sentencing credits, such constitutes an illegal sentence.  See, e.g., State v. Clark, 67 S.W.3d 73, 78 (Tenn. Crim. App. 2001); State v. James Kevin Underwood, No. E2000-01945-CCA-R3-CD, Washington County (Tenn. Crim. App. Aug. 2, 2001).  We need to remand the theft case for correction of the judgment of conviction.

Based on the foregoing and the record as a whole, we affirm the trial court's denial of an alternative sentence for the defendant's conviction for violating the motor vehicle habitual offender order.  However, we remand the theft case for entry of a corrected judgment to reflect that the defendant is to serve forty-five days in jail with the remainder of the sentence on probation.


                              _____
                              JOSEPH M. TIPTON, JUDGE