# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 14, 2004

## STATE OF TENNESSEE v. ERNEST G. MURPHY

**Appeal from the Circuit Court for DeKalb County**
**No. 02-067     John A. Turnbull, Judge**

---

**No. M2003-00797-CCA-R3-CD - Filed February 11, 2004**

---

The defendant, Ernest G. Murphy, pled guilty in the DeKalb County Circuit Court to vehicular assault, a Class D felony; driving under the influence (DUI), fourth offense, a Class E felony; driving on a revoked license, third offense, a Class A misdemeanor; and leaving the scene of an accident, a Class A misdemeanor. The trial court was to determine the length and manner of service of the sentences. After a sentencing hearing, the trial court merged the defendant's vehicular assault and DUI convictions and sentenced him as a Range I, standard offender to three years, nine months. For each misdemeanor conviction, the trial court sentenced the defendant to eleven months, twenty-nine days and ordered that all of the sentences be served consecutively. The trial court also ordered that the defendant serve four and one-half years in confinement and the remainder of his sentences on probation. The defendant appeals, claiming that the trial court erred by ordering consecutive sentences and by denying full probation. Although we determine that consecutive sentencing and denial of full probation are justified, we conclude that the sentences stated at the sentencing hearing and the sentences reflected in the judgments of conviction are dissimilar. The judgments of the trial court are reversed, and the case is remanded for resentencing pursuant to law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed,**
**Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

David Neal Brady, District Public Defender, and John Byers Nisbett, III, Assistant Public Defender, for the appellant, Ernest G. Murphy.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; William Edward Gibson, District Attorney General; William M. Locke, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's truck crashing into Karen Seiler's motorcycle on March 24, 2002. At the sentencing hearing, the victim testified that she was riding her motorcycle with some friends and was hit by the defendant's truck at an intersection. She sustained multiple injuries, including a broken collar bone, cracked right ribs, a crushed wrist, crushed pelvic bone, and multiple other broken bones. She spent eight days in Vanderbilt Hospital and then was transferred to a rehabilitation center in Columbia, Tennessee. She could not walk until May 2002. As a result of the crash, the victim lost her job and she and her husband had to delay their plans to buy a house. She said she was lucky to be alive and that the defendant should receive the maximum sentences.

Edward H. Seiler, the victim's husband, testified that he was in Nevada when he learned that the victim had been injured and drove thirty-two hours to get to her. The victim's medical insurance company paid about $149,000 for her medical bills, and an insurance company reimbursed the victim $3,250 for the motorcycle. However, the victim had bought the motorcycle only four or five weeks before the wreck and had paid $7,520 cash for it. Mr. Seiler said that the defendant left the victim in the highway "in a pool of her own blood and gasoline" and that the defendant should receive maximum sentences and serve them consecutively.

Byron Houston of the Tennessee Board of Probation and Paroles testified that he prepared the defendant's presentence report. The defendant has multiple convictions for DUI and driving on a revoked license. The defendant was in the Marines and obtained his GED in the military. Although the defendant has had four or five jobs, the defendant was not employed at the time of the offenses in question. Mr. Houston acknowledged that the defendant has a problem with alcohol but did not know if the defendant had received treatment for the addiction. The defendant did not testify but apologized to the victim and her husband, saying, "I'm truly sorry. I wouldn't have had this happen for the world."

According to the defendant's presentence report, the then fifty-two-year-old defendant was divorced and received an honorable discharge from the United States Marine Corps in 1974. The defendant had stated that he was in good health and was not taking any prescription medication. Although the defendant pled guilty to DUI, fourth offense in the present case, his presentence report shows that he has five prior DUI convictions. In addition, it shows that he has two convictions for driving on a revoked or suspended license, one conviction for violating the implied consent law, and one conviction for public intoxication.

The trial court applied enhancement factor (2), that the defendant has a prior history of convictions in addition to those necessary to establish the appropriate range, and factor (7), that the "personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great." See T.C.A. § 40-35-114(2), (7). The trial court gave great weight to factor (2) and slightly less weight to factor (7). In mitigation, the trial court considered the defendant's remorse, and it indicated that the justice system may not have previously attempted to rehabilitate him. See T.C.A. § 40-35-113(13). The trial court merged the defendant's DUI

conviction into his vehicular assault conviction and enhanced his sentence from the statutory presumption of two years to four years. See T.C.A. §§ 40-35-112(a)(4); -210(c), (d), (e). The trial court then reduced the four-year sentence by three months for the mitigation. For each of the defendant's remaining convictions, the trial court sentenced him to eleven months, twenty-nine days and ordered that all of the sentences be served consecutively. The trial court held that consecutive sentences were warranted in this case because the defendant is a dangerous offender, having five prior DUI convictions and failing to seek treatment for his alcohol addiction, and because consecutive sentencing reasonably relates to the severity of the crimes. See T.C.A. § 40-35-115(b)(4). The trial court also determined that the defendant was not amenable to rehabilitation and refused to grant full probation, ordering that he serve four and one-half years of his sentences in confinement.

The defendant claims that the trial court erred by ordering consecutive sentences and by denying full probation. He contends that the trial court failed to cite any facts justifying either consecutive sentences or service of part of his sentences in confinement. The state claims that this court should refuse to consider the defendant's appeal because he failed to include a notice of appeal in the appellate record. The state also argues that the trial court properly sentenced the defendant. We conclude that the defendant's case is properly before us, that the trial court properly ordered consecutive sentencing, and that the trial court properly denied full probation. However, the judgments are reversed and the case is remanded for resentencing because of conflicts between the sentencing hearing transcript and the judgments of conviction.

When a defendant appeals the length, range, or manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d), Sentencing Commission Comments. However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169.

A trial court may order sentences to run consecutively if it finds by a preponderance of the evidence that the defendant is a "dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." T.C.A. § 40-35-115(b)(2). For dangerous offenders, though, "consecutive sentences cannot be imposed unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995); see State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Rule 32(c)(1), Tenn. R. Crim. P., requires that the trial court "specifically recite the reasons" behind its imposition of a consecutive sentence.

When determining if incarceration is appropriate, a trial court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in T.C.A. §§ 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation. T.C.A. § 40-35-103(5); Boston, 938 S.W.2d at 438.

Initially, we note that despite the state's claim that the defendant failed to include his notice of appeal in the appellate record, the notice of appeal is in the record before us. That said, any evidence presented at the guilty plea hearing should be considered in determining the appropriate sentence. See T.C.A. § 40-35-210(b)(1). However, the defendant has failed to include in the record on appeal a transcript of the guilty plea hearing relating to his conviction. It is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. T.R.A.P. 24. This court notes that failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full de novo review of the sentence under T.C.A. § 40-35-210(b).

In any event, we conclude the trial court did not err by ordering consecutive sentences or by denying the defendant's request for full probation. The defendant has not shown that the trial court's imposition of consecutive sentences was improper. As the trial court noted, the defendant has five prior DUI convictions and has failed to seek any treatment for his alcohol addiction, even after the commission of the present offenses. The record supports the trial court's findings that the defendant is a dangerous offender and that consecutive sentences reasonably relate to the severity of the offenses and are necessary to protect the public. Moreover, we conclude that the trial court did not err by denying full probation because the defendant's repeatedly driving under the influence without seeking treatment for his alcohol addiction shows that he is not amenable to rehabilitation.

We note, however, that the defendant's sentences as stated by the trial court at the sentencing hearing – four and one-half years in confinement and the remainder on probation – do not specify the particulars for each individual sentence. Additionally, the judgments of conviction do not match the trial court's stated sentences. They reflect that the defendant is to serve his three-year, nine-month sentence in the Department of Correction and then serve each of his eleven-month, twenty-nine-day sentences in the county jail with consideration for work release or other similar programs after serving seventy-five percent. Given the differences, we must reverse the trial court and remand the case for entry of appropriate sentences under the sentencing act.

_____
JOSEPH M. TIPTON, JUDGE

-4-