**STATE of Tennessee, Appellee,**

v.

**Robert BOSTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 10, 1996.

Leslie S. Hale, Asst. Public Defender, Blountville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, Criminal Justice Division, Nashville, Frank A. Harvey, District Attorney General Pro Tem, Kingston, for Appellee.

## OPINION

HAYES, Judge.

The appellant, Robert Boston, appeals the sentencing decision of the Sullivan County Criminal Court, contending that the trial court should have granted him full probation or an alternative sentence pursuant to the Tennessee Community Corrections Act of 1985.

The appellant was initially charged with thirty-three counts of incest, eighteen counts of statutory rape, and fourteen counts of sexual battery.[1] On September 30, 1994, pursuant to a plea agreement, the appellant entered *Alford* pleas to two amended counts of sexual battery and one amended count of assault. All remaining charges were dismissed. The trial court then imposed a sentence of two years for each sexual battery conviction and a sentence of eleven months and twenty-nine days for the assault conviction. The trial court ordered that the sentences be served consecutively.

On December 15, 1994, at the conclusion of a sentencing hearing, the trial court placed the appellant in the local community corrections program. However, on February 23, 1995, at a subsequent hearing, the trial court removed the appellant from the community corrections program and ordered incarceration in the state penitentiary. The trial court found that the appellant was statutorily ineligible for placement in the community corrections program.

After reviewing the record, we reverse the judgment of the trial court.

---

1. These offenses involved four juveniles who had been placed in the foster care of the appellant or had been adopted by the appellant and his wife. On the dates the offenses were alleged to have occurred, the victims were between fourteen and eighteen years old. The district attorney general pro tem indicated that one of the victims had recanted his statement of penetration, compelling the dismissal of approximately fifteen of the presentment counts. Moreover, the State was unable to establish the dates and times of many offenses due to contradictory statements by the victims. Finally, at least one of the victims was experiencing emotional problems which limited the prosecutor's ability to proceed in those cases.

## FACTUAL BACKGROUND

On September 30, 1994, at the guilty plea hearing, the prosecuting attorney indicated to the court that he had agreed with defense counsel to postpone any recommendation by the State concerning the manner of service of the appellant's sentence. The prosecuting attorney suggested that a hearing be held in approximately two months in order to permit completion of the presentence report and any psychological reports relevant to the sentencing determination.

On December 15, 1994, the trial court conducted a second hearing in order to determine the appropriate manner of service of the appellant's sentence. At this hearing, both the prosecuting attorney and defense counsel submitted memoranda of law which outlined their respective positions. The appellant did not testify at the hearing. However, the appellant's wife did testify, contending that her husband had pled guilty only to "protect our children, to protect me, and to protect himself." The trial court also considered the presentence report, which reveals that the appellant was thirty-three years of age, has no prior criminal history, is a college graduate with a degree in elementary education, and was currently employed by a temporary placement service. Finally, the appellant introduced a psychological evaluation prepared by a Dr. Young. In his report, Dr. Young opined that the appellant would not benefit from incarceration. Additionally, Dr. Young recommended an extensive counseling program involving individual psychotherapy. At the conclusion of the hearing, the trial court tentatively sentenced the appellant to a community corrections program, ordering that he be committed to the Hay House, a residence operated under community corrections supervision. The court directed that, as a prerequisite to community corrections sentencing, the appellant submit to the court a plan setting forth an appropriate counseling program.

On February 25, 1995, the trial court held yet another hearing in order to determine "what might be appropriate in the way of counseling in this case." However, the trial court expressed concern that the appellant was statutorily ineligible for placement in a community corrections program. Nevertheless, the hearing proceeded.

The appellant called, as his only witness, Dr. Nancy Lanthorn, a clinical psychologist. Dr. Lanthorn described her plan of counseling, involving weekly individual sessions during a period of approximately twelve months. She further testified that the appellant's special needs could be treated more effectively in a private setting as opposed to an institutional environment. She asserted that the appellant would not pose a danger to the community.

The trial court acknowledged the qualifications of Dr. Lanthorn and appeared to accredit her identification of the appellant's special needs required for community corrections placement pursuant to Tenn.Code Ann. § 40–36–106(c) (1994 Supp.). However, the trial court failed to make any findings concerning either the suitability of Dr. Lanthorn's counseling plan or whether the identified special needs could be served best in the community rather than in a correctional institution. *See* Tenn.Code Ann. § 40–36–106(c). Rather, the trial court removed the appellant from the community corrections program, holding, "Now, I with some reluctance deny Mr. Boston the right to participate in a private program at the Hay House and I predicate my reasoning upon the statutory prohibition that we've discussed before, that's [Tenn.Code Ann. §] 40–36–106(a)(2)." The appellant appeals this decision.

## ANALYSIS

The appellant contends that the trial court erred in denying the appellant probation and in "discontinuing his placement in the community corrections program." The State argues that the appellant is not a suitable candidate for alternative sentencing.

Initially, we note that the appellant is entitled to the statutory presumption of alternative sentencing. *See* Tenn.Code Ann. § 40–35–102(5) and (6) (Supp.1994). However, this presumption may be rebutted by "evidence to the contrary." Tenn.Code Ann. § 40–35–102(6). *See also State v. Bingham,* 910 S.W.2d 448, 454 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1995). Evidence to

the contrary may include the following sentencing considerations, codified in Tenn.Code Ann. § 40–35–103 (1990):

(1) Sentences involving confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*Bingham,* 910 S.W.2d at 454 (citing *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn.1991)). A court may also apply the mitigating and enhancing factors set forth in Tenn.Code Ann. § 40–35–113 (1990) and –114 (Supp.1994), as they are relevant to the § 40–35–103 considerations. Tenn.Code Ann. § 40–35–210(b)(5) (1990). Finally, the potential or lack of potential for rehabilitation of a defendant should be considered in determining whether he should be granted an alternative sentence. Tenn.Code Ann. § 40–35–103(5).

■ Because the trial court improperly considered deterrence in denying probation,[2] and incorrectly interpreted the Community Corrections Act, we do not afford its sentencing determination a presumption of correctness.[3] Upon a de novo review, we conclude that the appellant is not necessarily precluded from the imposition of an alternative sentence. However, although the appellant is

*eligible* for probation,[4] the circumstances of the offenses, *Bonestel,* 871 S.W.2d at 169 (citing *Stiller v. State,* 516 S.W.2d 617, 620 (Tenn.1974), including the appellant's abuse of a position of private trust, Tenn.Code Ann. § 40–35–114(15), are sufficient to support a denial of probation. In other words, the appellant has failed to establish his *suitability* for the privilege of probation. Tenn.Code Ann. § 40–35–303(b); *Bingham,* 910 S.W.2d at 455.

Turning to the Community Corrections Act, eligibility for sentencing under its provisions is governed by Tenn.Code Ann. § 40–36–106(a) and (c). There is no dispute that the appellant is ineligible for community corrections sentencing under subsection (a).[5] However, one who is ineligible under subsection (a) is not excluded from consideration under subsection (c), which provides as follows:

Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

■ First, this court has previously held that, in order to be eligible for community corrections sentencing under subsection (c), the offender must be eligible for probation. *State v. Staten,* 787 S.W.2d 934, 936 (Tenn. Crim.App.1989); *State v. Crowe,* No. 01C01–9503–CC–00064, 1995 WL 392967 (Tenn. Crim.App. at Nashville, July 6, 1995). We have already concluded that the appellant is

2. *See Bingham,* 910 S.W.2d at 455 (citing *Ashby,* 823 S.W.2d at 170); *State v. Bonestel,* 871 S.W.2d 163, 167 (Tenn.Crim.App.1993); *State v. Byrd,* 861 S.W.2d 377, 380 (Tenn.Crim.App. 1993); *State v. Jones,* No. 03C01–9302–CR–00057, 1994 WL 665198 (Tenn.Crim.App. at Knoxville, November 22, 1994), *perm. to appeal denied,* (Tenn.1995).

3. Because our review is entirely de novo, we need not address all of the errors alleged by the appellant in his brief.

4. A defendant is eligible for probation if the sentence imposed is eight years or less, unless

the accused stands convicted of certain crimes set forth in the statute. *See* Tenn.Code Ann. § 40–35–303(a) (1994 Supp.).

5. Those convicted of violent felony offenses and those convicted of felony offenses involving "crimes against the person," as provided by Title 39, Chapter 13, Parts 1–5 of the Code, are statutorily excluded. Tenn.Code Ann. § 40–36–106(a). The appellant's convictions for sexual battery, Tenn.Code Ann. § 39–13–505 (1991), fall within the excluded offenses.

statutorily *eligible* for probation. Hence, the appellant is *eligible* for community corrections sentencing. *Crowe,* No. 01C01–9503–CC–00064, *State v. Currier,* No. 03C01–9404–CR–00149, 1995 WL 8846 (Tenn.Crim.App. at Knoxville, January 11, 1995); *State v. Blackburn,* No. 02C01–9111–CC–00253, 1993 WL 236586 (Tenn.Crim.App. at Jackson), *perm. to appeal denied,* (Tenn.1993).

■ Second, a determination that the appellant is *suitable* for placement in the program also requires the following findings of fact: (1) the offender has a history of chronic alcohol, drug abuse, or mental health problems, (2) these factors were reasonably related to and contributed to the offender's criminal conduct, (3) the identifiable special need (or needs) are treatable, and (4) the treatment of the special need could be served best in the community rather than in a correctional institution. *See State v. Wilson,* No. 03C01–9209–CR–00305, 1993 WL 79626 (Tenn.Crim.App. at Knoxville, March 22, 1993) ("It is questionable whether the defendant's needs could best be served in the community when the evidence offered at the sentencing hearing indicated that the defen-

dant needed to be strictly supervised to keep him away from young children"). As noted earlier, the trial court failed to make these findings, because it incorrectly concluded that the appellant's ineligibility for community corrections sentencing under subsection (a) precluded the application of subsection (c). Moreover, the record is insufficient for this court to determine the appellant's suitability for community corrections sentencing.

## CONCLUSION

Accordingly, the judgment of the trial court is reversed. This case is remanded for additional findings and a determination, consistent with this court's opinion, of the appellant's suitability for community corrections sentencing.

PEAY and BARKER, JJ., concur.