IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
JUNE SESSION, 1998

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03C01-9708-CR-00356 |
| Appellee | ) | |
| | ) | SULLIVAN COUNTY |
| vs. | ) | |
| | ) | Hon. R. JERRY BECK, Judge |
| ROBERT JOSEPH BACON, | ) | |
| | ) | (Sentence Revocation) |
| Appellant | ) | |

For the Appellant:

Terry L. Jordan
Asst. Public Defender
P. O. Box 839
Blountville, TN 37617


Stephen M. Wallace
District Public Defender

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


H. Greeley Wells, Jr.
District Attorney General

Teresa M. Smith
Asst. District Attorney General
P. O. Box 526
Blountville, TN 37617

OPINION FILED: _____

AFFIRMED


David G. Hayes
Judge

## OPINION

The appellant, Robert Joseph Bacon, seeks review of the Sullivan County Criminal Court's order revoking the appellant's previously imposed non-incarcerative status following his conviction for rape. Specifically, he contends that the evidence at the revocation hearing failed to support the alleged violation by a preponderance of the evidence.

After consideration of the record before us, we affirm the judgment of the trial court.

## Background

On April 17, 1996, a jury found the appellant guilty of rape, a class B felony. Although the focus of this appeal challenges the sufficiency of the revocation evidence, our first task is to determine the manner of service of the sentence imposed by the trial court following the appellant's conviction for rape.[1] The judgment of conviction, dated May 28, 1996, reflects that the Honorable Frank Slaughter imposed an eight year sentence to both the "TDOC" and the "Community Based Alternative: John R. Hay House." The judgment further provides "Defendant placed in Hay House for evaluation. Case to be reviewed on 8/30/96." On August 30, 1996, the trial court ordered a split confinement of the eight year sentence with one year to be served at the John R. Hayhouse. On September 3, 1996, the trial court transferred the appellant's supervision to the Alternative Community

---

[1]The appellant appealed his conviction and the State filed a cross-appeal, alleging that the trial court improperly sentenced the appellant to the Community Corrections program. Judge Welles, writing on behalf of a unanimous panel, affirmed the appellant's conviction for rape, but remanded this case for a determination as to the exact manner of sentence imposed. State v. Bacon, No. 03C01-9608-CR-00308 (Tenn. Crim. App. at Knoxville, Jan. 8, 1998). In so holding, Judge Welles observed, "What the sentence was remains a mystery. The judgment form reflects that the Defendant was sentenced to eight years in Community Corrections and specifies an evaluation in Hay House." Bacon, No. 03C01-9608-CR-00308. We note that the present appeal has reached this court prior to the final sentencing determination of the appellant's direct appeal.

Corrections Program for the remainder of the eight year sentence. We glean from the record that the John R. Hayhouse, Inc., also referred to as the Hay House, is a Community Corrections treatment center located in Kingsport. See Tenn. Code Ann. § 40-36-302(a)(2) (1990); see, e.g., State v. Boston, 938 S.W.2d 435, 437 (Tenn. Crim. App. 1996); State v. Hale, No. 03C01-9411-CR-00404 (Tenn. Crim. App. at Knoxville, Aug. 4, 1995). To add to the confusion, at the revocation proceeding, both the State and defense counsel referred to the appellant's sentence status as a "probated sentence."[2]

In February 1997, prior to resolution of the appellant's direct appeal of his conviction, the appellant met Tiffany Goff, a twenty year old East Tennessee State University student, at an aerobics class held at the school gym. The appellant and Ms. Goff exchanged telephone numbers and agreed to make plans to play racquetball. Ms. Goff later decided to cancel her plans with the appellant after his behavior had changed during an initial telephone conversation. The appellant continued to telephone Ms. Goff. On one occasion, she returned the phone call, but the appellant was not at home. Ms. Goff testified that during these initial conversations with the appellant, she commented that she was having problems with her boyfriend, to which the appellant asked her if her "boyfriend wanted too much sex." After this incident, the appellant continued his visits to the aerobics class, but did not participate in the exercise. Rather, the appellant would talk with Ms. Goff prior to class. During one of their conversations, the appellant stated, "if it seems like I'm flirting with you, I am." The appellant also showed up at the gym when Ms. Goff had planned to play racquetball with Angie "A.C." Carraway, the aerobics instructor. While the two attempted to play racquetball, the appellant "kept looking in the windows " despite their attempts to make him "go away." The

---

[2]Regardless of whether we construe the sentence as being one of Community Corrections or probation, our analysis remains the same as our supreme court has equated a Community Corrections sentence with one of probation in terms of the same principles being applicable when deciding whether a revocation of the sentence was proper. State v. Parker, No. 02C01-9111-CC-00245 (Tenn. Crim. App. at Jackson, Feb. 9, 1994) (citing State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991)).

appellant then walked onto the court where he and "A.C." got involved in an argument. The appellant continued to telephone Ms. Goff, approximately twenty phone calls a week. This behavior continued for three months. Ms. Goff testified that the appellant's behavior caused her to fear for her own safety. Specifically, she explained that "he kept acting weird, like when he'd get mad if you wouldn't do anything with him. . . . he just seemed real aggressive when you'd say no to him." The appellant's behavior was reported to the police and he was subsequently arrested on a charge of stalking.

On May 6, 1997, Community Corrections case officer Brian Brummett filed an affidavit of violation of Community Corrections supervision alleging that the appellant had violated "Rule # 1 of the Community Corrections order" by committing the offense of stalking.[3] A revocation hearing was held on July 14, 1997, at which time the appellant entered a plea of not guilty to the offense of stalking. On July 25, 1997, the trial court found that the proof supported the alleged violation by a preponderance of the evidence and ordered that the appellant serve the remainder of his eight year sentence in the Department of Correction. The appellant filed his notice of appeal of this revocation on August 21, 1997.

**Analysis**

In his only issue presented for our review, the appellant contends that the trial court erroneously found the proof sufficient to support a finding that the appellant

---

[3]The affidavit provided, in part:
Rule #1   To Wit: "I will obey the laws of the United States, or any state in which I may be as well as any municipal ordinances."

On or about 4/30.97, East Tennessee State University (ETSU) Public Safety Officer Marlys Tester swore to an Affidavit of Complaint alleging that the offender committed the offense of stalking - ETSU Case # 9704300849 in Johnson City, Washington County Tennessee. A $10,000 Bond was issued. The Case is set for trial on 6/3/97 in Washington County General Sessions Court.

violated a condition of his Community Corrections sentence.  Specifically, he asserts that the evidence failed to establish that the appellant's actions caused Ms. Goff to reasonably fear assault or bodily injury or that the appellant "followed" Ms. Goff as defined by the statute.

"A person commits the offense of stalking  who intentionally and repeatedly follows or harasses another person in such a manner as would cause that person to be in reasonable fear of being assaulted, suffering bodily injury or death."  Tenn. Code Ann. § 39-17-315 (1997).  The offense further defines the term "follows" to mean "maintaining a visual or physical proximity over a period of time to a specific person in such a manner as would cause a reasonable person to have a fear of an assault, bodily injury, or death."  Tenn. Code Ann. § 39-17-315 (a)(2)(A).

In a revocation proceeding, the State bears the burden of establishing the violation alleged in the notice by a preponderance of the evidence.  State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).  The trial court retains the discretion, including resolving conflicts in the evidence and judging the credibility of the witnesses, to determine whether the accused has violated the conditions of the Community Corrections sentence.  Harkins, 811 S.W.2d at 82; State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).  If the evidence is sufficient to support a violation of the condition and the trial court, exercising its discretion, decides to revoke the Community Corrections sentence, the court must place its findings of fact and the reasons for the revocation on the record.  See  State v. Hardy, No. 02C01-9503-CC-00074 (Tenn. Crim. App. at Jackson, Feb. 7, 1996). On appeal, the reviewing court must affirm the trial court's decision unless "the record contains no substantial evidence to support the conclusion of the trial [court] that a violation of the condition . . . has occurred."  Harkins, 811 S.W.2d at 82.

In the present case, we conclude that the record contains sufficient evidence to support the trial court's conclusion. The trial court properly accredited the testimony of Ms. Goff and Angie "A.C." Carraway and rejected the appellant's version of the events. The court found:

> The Court, therefore, is of the opinion that a reasonable person could fear that which is required by the statute. The young lady was, although young, was a college student. The actions were great. The Court first thought the parties - - - it started out, they were more or less friendly . . . where they do start out friendly, then they get - - it becomes an overbearing type relationship.
> . . .
> . . . [T]he Court's of the opinion [that] the State has made out [by a] preponderance [that] the Defendant has violated the terms and conditions of his probation. He'll be required to serve his sentence.

We agree that the appellant's actions constituted "following" within the definition prescribed by the statute. Moreover, a reasonable person in Ms. Goff's position would have been fearful or apprehensive of bodily harm or injury to their person considering the appellant's behavior. We conclude that the record contains ample evidence to support the trial court's finding that the appellant violated Rule #1 of the Community Corrections order. The record reflects that the trial court made a conscientious decision in revoking the sentence and the court placed its findings and conclusions on the record. Because we find no abuse of discretion, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge

6