# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1999 SESSION



FILED

July 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9808-CC-00249 |
| Appellee, | ) | |
| | ) | BENTON COUNTY |
| VS. | ) | |
| | ) | HON. JULIAN P. GUINN, |
| DOUGLAS McARTHUR RAINS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI, HMVO Violation) |

**FOR THE APPELLANT:**

TERRY J. LEONARD
9 North Court Square
P.O. Box 957
Camden, TN   38320

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General and Reporter

J. ROSS DYER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN   37243-0493

G. ROBERT RADFORD
District Attorney General

BETH BOSWELL
Assistant District Attorney General
P.O. Box 686
Huntingdon, TN   38344-0686

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Douglas McArthur Rains, pled guilty in Benton County to violating the Habitual Motor Vehicle Offender law ("HMVO"), a Class E felony, and to driving under the influence ("DUI"), third offense.[1] The trial court sentenced defendant as a Range I standard offender to one year incarceration on the HMVO offense, and to eleven months, twenty-nine days on the DUI offense. The court ordered the sentences to run consecutively. In this appeal as of right, defendant contends that the trial court erred in denying him an alternative sentence and in ordering consecutive service of his sentences. Upon our review of the record, we **AFFIRM** the judgment below.

## ALTERNATIVE SENTENCING

The presentence report reflects that defendant has three prior DUI convictions as well as a conviction for public intoxication. He received a partially suspended sentence on each of the DUI offenses. At the sentencing hearing, defendant admitted to being an alcoholic, but testified that he had been alcohol free for seven months.

In sentencing defendant, the trial court rejected alternative sentencing because of the circumstances of the offense, defendant's prior criminal record, and his refusal to accept responsibility for his actions. The court additionally noted that probation had been tried and failed, and that there was "no reason to believe that probation in this instance would serve the ends of justice." The judge further stated that he considered confinement necessary to protect society and to avoid depreciating the seriousness of the offenses.

---

[1]Defendant was indicted for DUI, fourth offense. At the sentencing hearing, defendant's attorney referred to defendant's conviction as a fourth offense DUI. However, the judgment form indicates that defendant was convicted of DUI, third offense.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169. Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

Defendant has not carried his burden of demonstrating that the trial court's denial of alternative sentencing in this case is improper. Indeed, we agree with the trial court that incarceration is appropriate in this case. Defendant has a significant history of criminal conduct; repeated episodes of driving under the influence are very serious offenses; and less restrictive measures have been repeatedly, but unsuccessfully, applied. Moreover, we are convinced that the specter of significant jail time is particularly appropriate in this state's attempts to keep repeat drunk drivers off the road. This issue is, therefore, without merit.

**CONSECUTIVE SENTENCES**

With respect to ordering defendant's sentences to run consecutively, the trial court stated that it was necessary "to jail [defendant] as long as possible to keep [him] out of the vehicle before [he] kill[ed] somebody's child or [himself]."

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

> [t]he defendant is an offender whose record of criminal activity is extensive; [or]

> [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high.

Tenn. Code Ann. § 40-35-115(b)(2), (4); *see also* State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

Although the trial judge did not state specifically which statutory factor he was utilizing for imposing consecutive sentences, the tenor of his remarks indicate that he considered defendant to be a dangerous offender. *See* T.C.A. § 40-35-115(b)(4). This Court has found a defendant with DUI convictions to satisfy that definition. *See, e.g.*, State v. Richard E. Nelson, C.C.A. No. 01C01-9601-CR-00034, Wilson County (Tenn. Crim. App. filed September 18, 1997, at Nashville), *perm. to app. denied* (Tenn. 1998); State v. Anthony Raymond Bell, C.C.A. No. 03C01-9503-CR-00070, Roane County (Tenn. Crim. App. filed March 11, 1996, at Knoxville), *perm. to app. denied* (Tenn. 1996).

Furthermore, defendant is an offender whose record of criminal activity is "extensive." T.C.A. § 40-35-115(b)(2). He has four prior convictions, beginning in 1991, and all involve intoxication. Given that the instant DUI offense is of a similar nature, it is "particularly appropriate that we consider this prior criminal activity." Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996) (holding

4

consecutive sentences appropriate where the defendant had four similar prior convictions). We further find that the effective sentence of one year, eleven months and twenty-nine days is reasonably related to the severity of defendant's offenses and will protect the public from further episodes of defendant's drunk driving. *See* Wilkerson, 905 S.W.2d at 939. This issue is, therefore, without merit.

The judgment below is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**

5