IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Jackson June 3, 2008

## STATE OF TENNESSEE v. JEREMY LANCE PRZYBYSZ

**Appeal from the Circuit Court for Sequatchie County**
**No. 4575    Thomas W. Graham, Judge**

---

**No. M2007-02169-CCA-R3-CD - Filed December 4, 2008**

---

The defendant, Jeremy Lance Przybysz, submitted a best interest guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970), to attempt to commit aggravated sexual battery, a Class C felony. The parties agreed to an eight-year sentence as a Range II offender with the manner of service to be determined by the court. At the sentencing hearing, the trial court ordered the defendant to serve eight years in confinement. Claiming the trial court erroneously denied alternative sentencing, the defendant appeals. We affirm the judgment of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Philip A. Condra, District Public Defender, for the appellant, Jeremy Lance Przybysz.

Robert E. Cooper, Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The facts the state recited at the plea hearing reflect that the defendant took substantial steps to assault a nine-year-old girl who was a playmate of the defendant's daughter. The victim stated that the defendant had tried to penetrate her vaginally and anally with his penis and that she had told him to stop. The presentence report indicated that the victim also performed oral sex on the defendant. The incident was discovered when the victim was diagnosed with a urinary tract infection shortly thereafter and she informed medical personnel of the defendant's conduct. After being advised of his rights when he came to the police station for questioning, the defendant initially denied the encounter, but he later admitted that the sexual contact was unplanned. He also admitted he digitally penetrated the child. He insinuated that he had molested his own child, leading the Department of Children's Services to remove his daughter from her parents' home.

At the sentencing hearing, the defense called three witnesses. The presentence report was admitted into evidence. The first witness, Sherry Goodrich, testified that she knew the defendant and his wife, who was her colleague, friend, and babysitter for her four young daughters. She said that she had taught her children about offensive touching and that one of her daughters had learned about that at school. She said that consequently her children would inform her if any offensive contact had ever occurred. She stated that the defendant had been in her home and that he had been around her children. She said he never acted inappropriately toward her children, but she also acknowledged that he had never been alone with them. She said that she was comfortable having him around her children. She admitted on cross-examination that she did not know the details of the charge against the defendant or that he had been convicted.

Samanthia Hatt testified that she had known the defendant and his wife for approximately seven to eight months. She said she knew the defendant had been accused of a sexual offense and that she had talked about it with his wife. She stated, however, that she had never discussed it with the defendant. She said that her sixteen-year-old daughter had been alone with the defendant and that there had been no indication of any problem. She acknowledged the defendant and her daughter had been in a "public area" at the time. She stated on cross-examination that although the defendant's name would appear on the sexual offender registry, she had no reservations about her daughter being around him.

Cassaundra Przybysz, the defendant's wife, testified that she and the defendant had a six-year-old daughter together, although she no longer lived with either her or her husband. She stated that she paid child support for her older son, who lived in Kentucky, and that she did not pay anything to the relatives taking care of her daughter. She remarked that her husband could not accept any job offers because of this charge. She stated that once these proceedings ended, she, her husband, and her daughter could resume life as a "happy family." She said that her daughter was "daddy's girl" and that she missed her father. In response to the court's inquiry about where her daughter lived, she explained that as she had been arrested for failure to pay child support owed in Kentucky two days after her husband's arrest, her daughter lived with her husband's sister and brother-in-law. She said her husband had been "pushing . . . away" both her and her daughter since the incident, and she thought he would comport himself in the future in such a way as to avoid any suspicion of impropriety.

On cross-examination, Ms. Przybysz testified that her husband had been ordered not to live with their daughter and not to visit her without supervision. She stated that if she had not placed her daughter with her relatives, the Department of Children's Services would have taken her away from them. She claimed that her husband supported himself since the incident on odd jobs and one month's work for a trucking company. She said her husband had no physical condition that would prevent him from working. She stated that she and her husband no longer lived together, although they were still married.

After the State introduced the presentence report into evidence, defense counsel questioned its author, Jennifer Simons, about its contents. She testified that she currently wrote presentence

reports in five counties. She said she included a nurse advocate's statement in the report as the victim's statement. She stated that she had satisfied her responsibilities for writing the report as an answer to defense counsel's claim that probation officers have large case loads. She also said the defendant had not expressed remorse to her regarding the incident.

The presentence report shows that the defendant had been employed as a day laborer by his brother-in-law and as a driver by several trucking companies but that he had quit several jobs, consistently did not show up to work for his relative, and could not be rehired by a trucking company because he owed the company money.

The presentence report also reflects the defendant's prior record. He pleaded guilty in 2000 to shoplifting in Kentucky and received a ninety-day suspended sentence and restitution, along with the condition that he not have any theft charges during the next two years. In Tennessee, he successfully completed judicial diversion for theft of property valued between $1000 and $10,000 after being on supervised probation for two years and paying restitution.

Based upon this evidence, the trial court found that "this case is controlled by sentencing considerations" and that confinement was necessary to avoid depreciating the seriousness of the offense. The court stated the facts of the case showed penetration and lack of consent. The court found that a rape had occurred although it was not the convicting offense, and the court imposed an eight-year sentence in the Department of Correction.

The defendant claims he should have been granted an alternative sentence instead of incarceration. He argues that he did not meet the criteria listed in Tennessee Code Annotated section 40-35-102(5) (2006) for offenders meriting incarceration and that the trial court did not state its findings on the record as required by State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). He requests that this court either remand the case for resentencing or modify the judgment to provide for alternative sentencing.

The State responds that the sentence is proper. It notes that the defendant is not required to be considered as a candidate for alternative sentencing as a Range II offender. See T.C.A. § 40-35-102(6). It also notes that the trial court found incarceration was necessary to avoid depreciating the seriousness of the offense, which actually involved rape. It asserts that the evidence does not otherwise show that the defendant is a good candidate for rehabilitation.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). This presumption of correctness is conditioned upon the affirmative showing that the trial court considered the relevant facts, circumstances, and sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). As the Sentencing Commission Comments to section 40-35-401(d) note, the burden is now on the appealing party to show that the sentence is improper.

When determining if confinement is appropriate, the trial court should consider whether (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. T.C.A. § 40-35-103(1)(A)-(C) (2006). The trial court may also consider a defendant's potential or lack of potential for rehabilitation and the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. §§ 40-35-103(5) (2006), -210(b)(5) (2006); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). The sentence imposed should be the least severe measure necessary to achieve the purpose for which the sentence is imposed. T.C.A. § 40-35-103(4). If a defendant is an especially mitigated or standard offender convicted of a Class C, D, or E felony, he or she should be considered as a favorable candidate for alternative sentencing in the absence of evidence to the contrary. T.C.A. § 40-35-102(6) (2006).

In the case at bar, the defendant did not demonstrate that confinement was improper. At the sentencing hearing, the defendant did not testify. The presentence report included the defendant's admission of sexual contact and penetration, as well as the statements of the Children's Advocacy Center on behalf of the victim. Although the defendant pleaded to a class C felony, he could not be considered a favorable candidate for alternative sentencing because he was a Range II offender.

Additionally, the defendant's argument that the trial court must state its findings before denying probation does not aid the defendant, as the record of his case includes evidence showing that confinement is necessary to avoid depreciating the seriousness of the offense, as State v. Dowdy, 894 S.W.2d at 305, requires. The trial court stated that the facts of the case as contained in the presentence report and presented at the sentencing hearing showed a serious offense that required confinement to avoid diminishing the severity of the offense. In this regard, the defendant was shown to have committed an aggravated rape, a Class A felony.

Furthermore, we agree with the State that the defendant's lack of potential for rehabilitation precludes alternative sentencing. See T.C.A. § 40-35-103(5) (2006). Although he admitted his inappropriate sexual contact to the police, he did not express remorse for his actions either to family members, friends, or to probation officers. By submitting an Alford plea, he also did not personally acknowledge his guilt. This court has held that "even when a defendant enters an Alford plea, the court is not prohibited from considering the defendant's failure to accept responsibility for his criminal conduct as it relates to his rehabilitation potential." State v. Homer L. Evans, No. E2000-00069-CCA-R3-CD, Campbell County, slip. op. at 5 (Tenn. Crim. App. Mar. 20, 2001) (citation omitted).

The trial court did not err in imposing confinement for this offense.  Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE