IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2009

## STATE OF TENNESSEE v. GEORGE CHISHOLM

**Appeal from the Criminal Court of Bradley County**
**Nos. M-08-289 and M-08-290     Carroll Ross, Judge**

---

**No. E2008-02670-CCA-R3-CD - Filed February 3, 2010**

---

The Defendant, George Chisholm, pled guilty in the Bradley County Criminal Court to driving under the influence, eighth offense, a Class E felony, and to two counts of vehicular assault, Class D felonies.  The trial court sentenced the Defendant to two years for the DUI to be served consecutively to concurrent four-year sentences for the vehicular assault counts, for a total effective sentence of six years incarceration.  In this appeal as of right, the Defendant contends that the trial court should have granted some form of alternative sentence in consideration of the condition of his health.  Following our review, we affirm the denial of alternative sentencing, but we remand for the correction of the judgments.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgments of the Criminal Court are Affirmed; Cases Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Kenneth L. Miller, Cleveland, Tennessee, attorney for appellant, George Chisholm.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; R. Steven Bebb, District Attorney General; and Brooklynn Martin, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

### OPINION

The record reflects that the Defendant's convictions arose from two separate accidents in March 2008. In case number M-08-289, the Defendant pled guilty to driving under the influence, eighth offense, for an incident occurring on March 3, 2008.  Additional charges of driving on a restricted license and leaving the scene of an accident were dismissed

pursuant to the plea agreement. In case number M-08-290, the Defendant also pled guilty to two counts of vehicular assault occurring on March 20, 2008, with additional charges of felony DUI and driving on a restricted license dismissed pursuant to the plea agreement. The plea agreements left to the trial court's discretion all issues regarding sentencing.

Initially, we note that the judgments in both cases contain errors concerning a misnumbering of counts. In case number M-08-289, counts three and four were dismissed; however, the judgments reflect that counts two and three were dismissed. Also, count one reflects a guilty plea to DUI ninth offense; however, the transcript and indictment both reflect a charge and plea to DUI, eighth offense. In case number M-08-290, the judgments reflect that counts one and four were dismissed; however, counts one, two, and five were dismissed pursuant to the plea agreement. The remaining counts for vehicular assault – counts three and four – are also misnumbered as counts two and three in the judgments. Accordingly, the trial court is directed on remand to correct the judgments to accurately reflect the counts and what transpired in the guilty plea submission hearing.

Margaret Hicks testified at the Defendant's sentencing hearing and described the accident on March 20, 2008. She stated that the Defendant turned from a side street and hit her vehicle head on. She suffered a fractured neck, fractured sternum, both broken ankles and knee injuries. She stated that she was awaiting surgery for a double knee replacement as a result of injuries suffered in the accident. She also testified that her husband, James, suffered a broken back, fractured left hand, and broken right hand in the accident. Both she and her husband were airlifted from the accident scene to Erlanger Hospital in Chattanooga due to the seriousness of their injuries. Ms. Hicks reported that out of the over two hundred thousand dollars in medical bills, they had paid six thousand six hundred and ninety-six dollars out-of-pocket. When asked how the accident had affected their lives, she said, "Our life has just really stopped."

Janice Johnson of the Tennessee Board of Probation and Paroles testified that she prepared the presentence report for the Defendant's cases. She recalled interviewing the Defendant and noted that his main concern was whether he would receive probation. She stated that he did not seem curious about the victims at all and did not ask about their condition. When asked about his involvement in the crimes, Ms. Johnson testified that the Defendant simply answered, "I'm guilty."

At the time of the sentencing hearing, the Defendant was sixty-one years old. He testified that he was a Vietnam Veteran and had retired from the Bowater paper plant after thirty years of employment. In 2001, he went on disability due to a back injury incurred after falling from his roof. He reported that he also suffered a stroke about four years ago which left him with only forty percent usage of his left side. The Defendant stated that he suffered injuries from the March 20 accident and that he was awaiting knee replacement surgery due

to a shattered kneecap. The Defendant testified that since the accident he had stopped drinking, but he admitted to drinking on one occasion when some friends brought beer to his home to watch a ball game. However, he reported that he no longer drives and has his niece and some other friends drive him for errands and appointments. The Defendant testified that his physical problems have rendered him unable to perform his own personal care and that an assistant comes to his home to take care of his personal hygiene. When asked on cross-examination why he drove impaired again while on bond for the first offense, he replied that it was "stupidity." He also acknowledged that he was on probation for a weapons offense when he committed the present offenses.

The Defendant's niece and friends testified and corroborated the Defendant's account of his physical condition. The State also admitted the blood alcohol test results from both incidents, showing that the Defendant had a blood alcohol content of .21 on March 3 and a blood alcohol content of .22 on March 20.

At the conclusion of proof at the sentencing hearing, counsel for the Defendant agreed that the Defendant should be sentenced to the maximum sentences of two years and four years for the offenses. Counsel also acknowledged that the sentences concerning each separate incident should run consecutively because the March 20 offenses were committed while the Defendant was on bond for the March 3 DUI. However, counsel urged the trial court to impose a sentence of community corrections supervision after the service of one hundred and eighty days in jail.

The trial court imposed the maximum Range I sentences of two years for the DUI and four years for each count of vehicular assault based upon its findings regarding the Defendant's history of criminal convictions, the involvement of more than one victim in the offenses, the particularly great injuries suffered by the victims, and the Defendant's history of unwillingness to comply with conditions of release as evidenced by his past failure to complete probationary sentences. See Tenn. Code Ann. § 40-35-114 (1),(3), (6), and (8). The trial court also ordered the Defendant to serve the sentences for the vehicular assaults concurrently with one another but consecutively to the DUI sentence based upon its findings that the Defendant's criminal history is extensive, that he is a dangerous offender, and that he was sentenced for offenses committed while on probation. See Tenn. Code Ann. § 40-35-115(b)(2), (3), and (6). The trial court then ordered the Defendant to serve his sentence in confinement, denying all forms of alternative sentencing, based upon its findings that confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct, to avoid depreciating the seriousness of the offense, and because measures less restrictive than confinement had been applied unsuccessfully to the Defendant in the past. See Tenn. Code Ann. § 40-35-103(1)(A)-(C). While noting that the trial court was not unsympathetic to the Defendant's health concerns, the trial court stated that the

Defendant's actions caused many of his health problems and that the trial court was not willing "to allow [the Defendant] to stay loose and run the risk of killing someone."

ANALYSIS

On appeal, the Defendant contends that the trial court failed to take into consideration his present physical disability and that the trial court should have imposed the suggested sentence of split confinement followed by community corrections supervision based upon his special needs. The State argues that the Defendant is ineligible for community corrections due to the violent nature of his convicted offenses and the required incarcerative sentence of his DUI conviction. The State also contends that the trial court gave proper consideration to the sentencing considerations in denying alternative sentencing, particularly in light of the Defendant's commission of these offenses while on probation.

Although not raised by the parties, we note that the trial court erroneously applied the multiple victim enhancement factor in light of the Defendant's convictions for vehicular assault related to each victim in the offense. However, the erroneous application does not affect the length of sentence imposed in light of the remaining factors.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, (7) the potential for rehabilitation or treatment, and (8) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee. Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

In determining whether incarceration or an alternative sentence is more appropriate, a trial court should consider whether (1) confinement is needed to protect society by

restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). The trial court shall also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. Tenn. Code Ann. § 40-35-210(b)(5) (2006); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438. Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4).

On appeal, the Defendant argues that the trial court should have granted him a sentence of split confinement involving community corrections based on his present physical disability and overall poor health. As noted by the State, the Defendant's convictions for two counts of vehicular assault would generally render him ineligible for placement in community corrections. See Tenn. Code Ann. §§ 40-36-102(11), (15), -106(b). However, Tenn. Code Ann. § 40-36-106(c) provides that otherwise ineligible offenders:

> who would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

At the sentencing hearing, the trial court noted the Defendant's long history of DUI offenses and remarked that it was inexplicable how the Defendant had avoided a felony DUI conviction up to this date. The trial court also noted that the Defendant had committed the most serious offenses of vehicular assault while on bond for the eighth offense DUI and that both of these incidents occurred while on unsupervised probation for a weapons offense. Regarding the Defendant's special needs, the trial court stated that the Defendant's present physical condition stemmed from the present offenses and the Defendant's chronic history of drinking. The trial court voiced great concern that a sentence less than confinement would risk the safety of others on the road and therefore, the Defendant's special needs would not be "best served in the community." The trial court found that these facts indicated that the Defendant's potential for rehabilitation was low and therefore confinement was necessary to protect society from the Defendant and to avoid depreciating the seriousness of the

Defendant's offenses. We further note that the Defendant testified that he only stopped drinking since the occurrence of vehicular assaults and that he even admitted that he had been drinking on a least one occasion since that date. Additionally, the Defendant only contends that he has special needs related to his physical limitations and has never argued that his special needs stem from chronic alcohol abuse or the need for alcoholism treatment. Accordingly, we conclude that the record supports the trial court's findings and denial of community corrections or other forms of alternative sentencing, and we affirm the judgments of the trial court.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court denying alternative sentencing are affirmed. However, the trial court is directed on remand to correct the judgments to accurately reflect the counts and that the DUI conviction is for eighth offense, consistent with the indictments and as reflected in the guilty plea submission hearing.

_____
D. KELLY THOMAS, JR., JUDGE