IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. HARVEY HOLT

**Direct Appeal from the Circuit Court for Cocke County**
**No. 5432     Ben W. Hooper, II, Judge**

---

**No. E1999-01552-CCA-R3-CD - Decided**
**May 2, 2000**

---

The state appeals from the trial court's order releasing the defendant from confinement for his second degree murder conviction and resulting twenty-year sentence and ordering the defendant to serve the remainder of his sentence on probation. We hold that having been convicted of a violent felony and receiving a twenty-year sentence, the defendant is not eligible for release with probation. The judgment of trial court is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

TIPTON, J., delivered the opinion of the court, in which WOODALL, J., and GLENN, J., joined.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; and Al C. Schmutzer, Jr., District Attorney General, for the appellant, State of Tennessee.

Tim S. Moore, Newport, Tennessee, for the appellee, Harvey Holt.

**OPINION**

The state appeals as of right from the trial court's order releasing the defendant from confinement and granting him supervised probation. The defendant was convicted by a jury in 1992 for second degree murder, a Class A felony. He was sentenced as a Range I, standard offender to twenty years confinement in the custody of the Department of Correction. The defendant remained at the Cocke County Jail awaiting transfer to the department. On March 3, 1999, after the Board of Paroles denied him parole, the defendant filed a motion with the Cocke County Circuit Court for a reduction in sentence. Following an April 5, 1999, motion hearing, the trial court ordered the defendant to be released and placed on supervised probation for the remainder of his sentence.

The state contends that the trial court erred by placing the defendant on supervised probation, arguing that the trial court lacked the authority to impose such a sentence. We agree. Having been convicted of second degree murder with a twenty-year sentence, the defendant is not eligible for probation. See Tenn. Code Ann. § 40-35-303(a) (providing that a defendant shall be eligible for probation if his or her sentence is eight years or less). Furthermore, despite the defendant's contention that he would be eligible for probation pursuant to a community corrections sentence, see

Tenn. Code Ann. § 40-36-106(e)(3), the defendant is not eligible for community corrections because he is a violent felony offender. See Tenn. Code Ann. § 40-36-106(3) (providing that persons convicted of violent felonies are ineligible for community corrections sentences). The defendant argues that he is eligible for community corrections under the "special needs" section. See Tenn. Code Ann. § 40-36-106(c). However, in order to be eligible for community corrections sentencing under subsection (c), the defendant must be eligible for probation. See State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Although Tenn. Code Ann. § 40-35-212(d) states that the trial court "shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department[,]" the trial court does not have the authority to impose a sentence for which the defendant is otherwise ineligible.

In consideration of the foregoing and the record as a whole, we reverse the order releasing the defendant and granting him supervised probation.