IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2004

## STATE OF TENNESSEE v. BRYANT DUNN

**Appeal from the Criminal Court for Sullivan County**
**No. S46,463     R. Jerry Beck, Judge**

_____

**No. E2003-02526-CCA-R3-CD - Filed October 7, 2004**

_____

The defendant, Bryant Dunn, pled guilty to theft over one thousand dollars, a Class D felony, and the Sullivan County Criminal Court sentenced him to two years incarceration in the Department of Correction. The defendant appeals, claiming that the trial court erred by denying him probation or alternative sentencing. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Charles L. Moffatt, IV, Bristol, Tennessee, for the appellant, Bryant Dunn.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Rebecca H. Davenport and Joseph Eugene Perrin, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case relates to the defendant's stealing food from a grocery store. At the plea hearing, the state gave the following account of the crime: on March 26, 2002, a video camera at the Food Lion in Bristol, Tennessee recorded the defendant loading shopping carts full of groceries and leaving the store without paying. The store manager, Regie Moore, gave the videotape to detectives from the Bristol Police Department. During their investigation, the detectives were able to discover that the defendant was giving money to employees of the Food Lion, and in return, the employees were allowing the defendant to leave the store without paying. The detectives questioned the defendant, and the defendant admitted that he paid employees of the Food Lion to allow him to leave the store without paying. He admitted that he stole a total of approximately six to seven thousand dollars worth of "meat and assorted frozen food." However, one of the employees bribed by the defendant placed the value above ten thousand dollars.

The defendant was charged with theft over ten thousand dollars, a Class C felony, but after negotiating a plea agreement with the state, he pled guilty to theft over one thousand dollars, a Class D felony. At the plea hearing, the defendant was categorized as a Range I, standard offender, and the court sentenced him to a term of two years, the presumptive minimum sentence within the range, reserving for a later date the question of the manner by which the defendant was to serve his sentence.

At the probation/community corrections hearing, the defendant testified concerning the circumstances surrounding (1) his twenty-four prior misdemeanor convictions and (2) his five prior juvenile adjudications. He testified that most of his prior misdemeanor convictions were for traffic offenses. He said that he had always paid his misdemeanor court costs and fines, and he said that he currently had a valid driver's license and three validly registered cars. He said that he had successfully completed probation as a juvenile and that he had successfully completed probation at a halfway house resulting from a misdemeanor theft conviction when he was eighteen years old. He testified that although he had an intermittent work history, he was currently employed by Martin Enterprises, a construction firm engaged in the rebuilding of low-income homes for the government. He said that he enjoyed his current job because he liked building houses and because he did not have to work nights.

No one else testified at the probation/community corrections hearing. However, the state introduced into evidence the presentence report. The court considered the presentence report in making its ruling, focusing on the cumulative nature of the defendant's prior convictions and on the fact that the prior efforts at rehabilitating the defendant short of incarceration had obviously failed. The court then ordered the defendant to serve his two-year sentence in confinement with the Department of Correction.

On appeal, the defendant claims the trial court erred in denying probation or alternative sentencing. Specifically, the defendant claims the trial court gave too much weight to his prior traffic offenses, that the trial court gave too much weight to his juvenile adjudications, that the trial court failed to give weight to the nonviolent nature of the offense, and that the trial court improperly evaluated his work history. The state contends that the trial court properly considered the defendant's criminal history, that the trial court properly placed great emphasis on the fact that measures less restrictive than confinement have been unsuccessfully applied to the defendant, and that confinement is necessary to protect the public from the defendant.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave

due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in T.C.A. §§ 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); Boston, 938 S.W.2d at 438.

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168.

Initially, we note that the trial court's determinations as to the sentences are entitled to a presumption of correctness because the record reflects that in denying probation, the trial court considered the relevant facts, circumstances, and sentencing principles. Regarding the defendant's claim that the trial court should have given weight to mitigating factor (1), that the defendant's conduct did not cause or threaten serious bodily injury, as long as the trial court followed the sentencing purposes and principles, the weight to be afforded an existing factor is left to the trial court's discretion.

The record reflects that the defendant has been convicted of twenty-four misdemeanors as an adult. Additionally, the record reflects that the juvenile court adjudicated the defendant delinquent on five occasions for offenses ranging from burglary to aggravated assault. The defendant was given sentences less severe than incarceration on all of his prior convictions; yet, these attempts at rehabilitation had proven wholly inadequate in preventing the defendant from continuing to show disregard for the laws of this state. We conclude that the defendant is not entitled to relief on this issue, and we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE