IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2007

## STATE OF TENNESSEE v. FELICIA ANN LOWERY

**Appeal from the Circuit Court for Hardin County**
**No. 8538    C. Creed McGinley, Judge**

_____

**No. W2006-01808-CCA-R3-CD   -   Filed July 9, 2007**

_____

The defendant, Felicia Ann Lowery, pled guilty to aggravated burglary, a Class C felony, and was sentenced as a Range I, standard offender to six years in the Department of Correction.  On appeal, the defendant contends that the trial court erred in denying her alternative sentencing or probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Guy T. Wilkinson, District Public Defender, and Richard W. DeBerry, Assistant Public Defender, for the appellant, Felicia Ann Lowery.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Hansel Jay McCadams, District Attorney General; and John W. Overton, Jr., Chief Deputy District Attorney General, for the appellee, State of Tennessee.

### OPINION

The facts supporting the defendant's conviction were recited at the plea hearing as follows: "On December 6th of [2005] the Defendant entered into the home of James McLaran at 212 Shell Street, Savannah, Tennessee without the [effective] consent of the property owner with the intent to commit theft without the permission of the owner."  The defendant agreed to a six-year sentence under her plea agreement, with the manner of sentence to be determined by the trial court.

The only evidence presented at the defendant's sentencing hearing was the presentence report, which reflects a history of criminal convictions dating back to 1984, when the defendant was eighteen years old.  The defendant's criminal history included over thirty convictions for offenses including assault, disorderly conduct, contempt of court, resisting arrest, shoplifting, burglary, damage to public property, public intoxication, attempted burglary, vandalism, theft, possession of

narcotic equipment, and traffic offenses. The presentence report also states that the defendant had a pending drug-related case. The defendant's history of felony convictions included sentences of incarceration, community corrections, and probation. The report states that the defendant graduated from high school but notes no employment history. The report also reflects that the defendant had a history of drug abuse. In sentencing the defendant to incarceration, the trial court made the following comments:

> Okay, she has pled guilty to a class C felony. She starts with the . . . presumption of eligibility for alternative sentencing. However, considering her past criminal history, the Court finds that she's not a suitable candidate. The extensive history of prior felonies preponderates [against] her consideration for alternative sentencing.

In this appeal, the defendant challenges her sentence of incarceration, and she contends that the trial court erred in denying her a sentence under the Community Corrections Act, T.C.A. § 40-36-101, or a sentence of probation. She specifically argues that the state did not offer evidence to show that confinement was necessary to protect society and that the presentence report shows a potential for rehabilitation that could be accomplished through alternative sentencing. The state counters that the defendant's extensive criminal history justified the denial of alternative sentencing. We agree with the state.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. This means if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168.

When a defendant is an especially mitigated or standard offender convicted of a Class C, D, or E felony, the defendant is presumed to be a favorable candidate for alternative sentencing. T.C.A. § 40-35-102(6). However, this presumption may be rebutted upon a showing that (1) confinement

is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); Boston, 938 S.W.2d at 438.

In the present case, the trial court denied the defendant alternative sentencing or probation by placing great weight on the defendant's extensive criminal history. The defendant's criminal history includes over thirty convictions, many of which were felonies and some of which were theft offenses. Moreover, measures less restrictive than confinement have been applied to the defendant in the past and, as evidenced by the defendant's continued criminal conduct, have not resulted in effective rehabilitation. Nothing in the record supports the defendant's contention that she has the potential for rehabilitation. On the contrary, the defendant's repeated criminal behavior, her history of drug abuse, and her lack of a work history indicate that she lacks a potential for rehabilitation. The defendant has not met her burden on appeal of showing that her sentence of confinement was improper.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE