# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 29, 2008

## STATE OF TENNESSEE v. KATIE ANN WALSH

**Appeal from the Criminal Court for Sullivan County**
**Nos. S52,014, S52,825     R. Jerry Beck, Judge**

—————

**No. E2007-02349-CCA-R3-CD - Filed July 16, 2008**

—————

The defendant, Katie Ann Walsh, pled guilty in the Sullivan County Criminal Court to violation of a habitual traffic offender order, reckless endangerment, and felony failure to appear, all Class E felonies. The Sullivan County Criminal Court sentenced her to concurrent one-year sentences as a Range I offender for the habitual traffic offender violation and reckless endangerment and fined her $250.00 on each offense. The court sentenced her to one year as a Range I offender for the failure to appear, with a $250.00 fine, to be served consecutively to the other sentences. The defendant appeals, contending that the trial court erred in interpreting and applying applicable law in denying her any form of alternative sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Stephen M. Wallace, District Public Defender, and Joseph F. Harrison, Assistant Public Defender, for the appellant, Katie Ann Walsh.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and James Franklin Goodwin, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arises from the defendant's driving a car the wrong way on a one-way street. The defendant pled guilty to the charges and agreed to the lengths of the sentences. The trial court was to determine the manner of service of the sentences.

The evidence presented by the state at the guilty plea hearing showed that on March 18, 2006, at approximately 12:20 a.m., the defendant drove a car the wrong way on Anderson Street in Bristol, Tennessee. The defendant nearly struck Bristol Police Sgt. Terry Johnson, who was on patrol. Sgt. Johnson saw the vehicle turn into a driveway on Seventeenth Street. Sgt. Johnson

turned into the driveway behind the silver-colored car and saw the defendant get out of the driver's side of the car. Sgt. Johnson had discovered earlier that the defendant was a habitual traffic offender. Sgt. Johnson asked the defendant if she knew that she was designated a habitual traffic offender and she replied that she did. On October 27, 2006, the defendant failed to appear in the Criminal Court for Sullivan County on the felony charge of violation of a habitual traffic offender order.

At the sentencing hearing, the defendant testified that she was forty years old and that she had lived in an apartment at Springdale Village for approximately one month. She testified that she was employed and that her employment income allowed her to maintain herself without government assistance. She said that she started drinking alcohol at the age of twenty-five and drank excessively for a while but that she no longer drank to excess and did not consider herself an alcoholic. She admitted that she had a problem with illegal drugs, especially cocaine, and that although she did not use illicit drugs while she was pregnant, she had used cocaine after the birth of her child in April 2007, which was after her guilty plea hearing. She testified that she had an extensive prior record, which included an aggravated arson conviction for which she served for almost eight years and that she had numerous convictions for prostitution and public intoxication. The defendant testified that if granted an alternative sentence she could follow all the conditions and terms required because she had a child and did not want to lose custody of him. She acknowledged, on cross-examination, though, that she had received a suspended sentence in fifteen prior cases and that in 1990 her probation was revoked because she walked away from a drug program.

The state entered the presentence report into evidence. The report reflects that the defendant had over thirty convictions that spanned a period from 1989 to 2006 and included convictions for aggravated arson, numerous public intoxications and prostitutions, DUI, assault, driving on a revoked license, escape, and domestic violence. The report contradicted the defendant's testimony that she was able to maintain herself without government assistance. The report showed that the defendant received $155.00 per month in food stamps and $95.00 per month from Families First.

After argument by counsel, the trial court denied alternative sentencing. The trial court examined the enhancement and mitigating factors, finding the defendant had an extensive prior record. In denying alternative sentencing, the trial court stated:

> Mrs. Walsh in many respects is a tragedy. The way I read the report she's had a lifelong addiction probably to alcohol, drugs. She has made efforts to break the habit. She's now 40 years old. She has a horrendous prior record, including felony, including assault, including DUI.
> She's going to have to serve her sentence. I'm going to deny probation, while I considered residential community corrections and community corrections. But she's just going to have to serve her sentence.

On appeal, the defendant contends that the trial court erred in denying her alternative sentencing involving probation or the residential community corrections program. The defendant

asserts the trial court failed to consider adequately the sentencing principles and all relevant facts and circumstances. She claims the trial court failed to consider the evidence in the record of her present potential for rehabilitation and treatment. The state responds that the trial court did not err in sentencing the defendant to the Department of Correction. It asserts that the trial court based its finding on the defendant's many prior convictions and found that confinement was necessary to protect society by restraining a defendant who has a long history of criminal conduct.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court generally conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). As the Sentencing Commission Comments on this section note, the burden is on the appealing party to show that the sentence is improper. The trial court "shall consider, but is not bound by" an "advisory sentencing guideline" that suggests an adjustment to the defendant's sentence upon the presence or absence of mitigating and enhancement factors. T.C.A. § 40-35-210(c). In determining which sentence within the range to impose, the trial court is no longer required to begin with a presumptive sentence subject to increase and decrease on the basis of enhancement and mitigating factors. In this regard, an appellate court is bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act. State v. Stacey Joe Carter, No. M2005-02784-SC-R11-CD, __ S.W.3d __ (Tenn. May 19, 2008). For the purpose of meaningful appellate review, though, the trial court must "place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." T.C.A. § 40-35-210(e).

In conducting our de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on her own behalf, (7) any statistical information as to sentencing practices for similar offenses in the state, and (8) the potential for rehabilitation with treatment. T.C.A. §§ 40-35-102, -103, -210; see State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

The defendant contends that the court erred in denying her alternative sentencing. As a standard offender of a Class E felony, the defendant should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(6). A defendant's prior convictions are considered evidence to the contrary, and a defendant being sentenced for a third or subsequent felony conviction will not be considered a favorable candidate for alternative sentencing. See id. In deciding whether to apply alternative sentencing the court must consider whether (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is necessary to avoid depreciating the seriousness of the offense, or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses; or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. T.C.A. § 40-35-103(1)(A)-(C). The trial court should also consider a defendant's potential or lack of potential for rehabilitation and

the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. §§ 40-35-103(5), -210(b)(5); <u>State v. Boston</u>, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). The sentence imposed should be the least severe measure necessary to achieve its purpose. T.C.A. § 40-35-103(4).

In the present case, the trial court denied the defendant alternative sentencing or probation by placing great weight on the defendant's extensive criminal history. The defendant's criminal history includes over thirty convictions. Moreover, measures less restrictive than confinement have been applied to the defendant in the past and, as evidenced by the defendant's continued criminal conduct, have not resulted in effective rehabilitation. Nothing in the record supports the defendant's contention that she has the potential for rehabilitation. On the contrary, the defendant's repeated criminal behavior and her history of drug and alcohol abuse indicate that she lacks a potential for rehabilitation. The defendant has not met her burden on appeal of showing that her sentence of confinement was improper.

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE